AH CHONG and Four Others, comprising the firm of QUONG FONG & CO. vs. MELE KALUAHINE and the PAIA PLANTATION, a Domestic Corporation.

BILL IN EQUITY TO REDEEM A MORTGAGE. APPEAL FROM CIRCUIT JUDGE, SECOND CIRCUIT.

HEARING, SEPTEMBER 27, 1894. DECISION, OCTOBER 15, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

(1) A conveyance of land claimed to be a mortgage was made 11th April, 1872. Under it the grantee took and held possession of the land until 29th November, 1893. Held, the right to redeem was barred by the lapse of time.

(2) In considering equitable claims to land, equity will adopt the statutory period for limitations of real actions.

(3) When the language of an instrument renders it doubtful whether the contract be a mortgage or a conditional sale, the intention of the parties, as ascertained by their situation and acts, must govern.

(4) Though the courts will in doubtful cases construe the contract to be a mortgage rather than a conditional sale, when a conditional sale is clearly established by the acts of the parties and the instrument is susceptible of it, it will be enforced.

(5) An instrument conveying land in fee, and if the purchase money is repaid in six months to remain the property of the grantor, and if not repaid in that time, the property to be the grantee's, held to be a conditional sale, the acts of the parties showing that they thus understood it.

OPINION OF THE COURT, BY JUDD, C.J.

On the 11th April, 1872, one Kalia Kamakaala and wife made a conveyance in the Hawaiian language to one Kualii of certain land situate at Hamakuapoko, Island of Maui, being in three parcels, originally granted to one Kamakaala (father of the grantor) by Land Commission Award No. 8468, Royal Patent No. 2349. The conveyance was for the consideration of seventy dollars. After the granting part it contains this clause :  "But if we shall duly return the money above mentioned within six months from this day, then this land shall remain ours ; but if this money mentioned above is not duly repaid, then there belongs to said Kualii the kuleana of Kamakaala situate in Hamakuapoko, that is to say, the kuleana No. 8468, and by Royal Patent No. 2349 ; and, in consideration of this money mentioned above, there has been given a receipt showing the bargaining, selling and the complete releasing of these parcels of land mentioned below and whose boundaries are as follows. "

Kualii thereafter (date not given) conveyed a piece of the land in question to one Napulou, who conveyed the same to the Paia plantation, defendant, and in September, 1882, Kualii conveyed the remainder to his daughter, Mele Kaluahine, defendant. Kualii in 1886 leased a portion of the land to the plaintiffs, and thereafter died intestate. The guardian of defendant Mele Kaluahine in October, 1891, executed another lease of the same land to plaintiffs. Thereafter plaintiffs, on the 4th of November, 1892, took a conveyance from Kalia Kamakaala (the grantor of the deed to Kualii) of all his right, title and interest in this land, and refused to pay any more rent, claiming title in the land through the conveyance from Kalia Kamakaala. Defendant, Mele Kaluahine, brought suit against plaintiff for her rent. Whereupon plaintiffs brought

this bill to redeem and obtained an injunction against the prosecuting of the suit for rent *pendente lite.* The Circuit Judge found on the plaintiff's evidence alone that the transaction by deed in question from Kalia to Kualii, was a conditional sale and that the right to redeem was barred by lapse of time.

The appeal raises these two questions. First, is the deed in question a mortgage or a conditional sale; and second, have the plaintiffs lost their right to redeem by the lapse of time?

We first consider the last question. The date of the conveyance is April 11th, 1872. This bill to redeem was filed on the 29th November, 1893; this is more than twenty years after the conveyance. Conceding for the sake of argument that this document is a mortgage, if we should find that the so-called mortgagee took possession of the land after the six months allowed for repayment of the consideration, it not being then paid, and maintained it until the bill to redeem was brought, the right to redeem would be barred. For though the statute of limitations of real actions does not strictly constitute a bar to a bill to redeem, it being an equitable and not a legal right, equity adopts the statutory period of limitations of real actions, which in this country is twenty years. 2 Jones on Mortgages, Sec. 1144 and cases there cited.

Kalia, the grantor, says in his evidence, "I am not in possession of the land;" "I left Paia (the locality of the land) two weeks after signing the document. While living at Lahaina, did not visit Paia. After that went to Paia and stayed with Kualii (grantee) two weeks, then went back to Wailuku. After that shipped with Paia plantation and lived at plantation quarters for two years. During this time did not go back to land to live, only to see Kualii." "Saw the new house (built by Kualii on the land) first in 1883. I left Paia in 1872, and returned in 1883. I was last in Paia in 1887. Stopped in a small house owned by Kualii three weeks." On cross-examination, he says: "At the end of six months I gave up all claim to the land, and did not expect to

get it back." "In 1883, Kualii had charge (possession) of the land and had it rented out. I did not ask for a portion of the rent." " Three weeks after execution of the deed to Kualii I gave royal patent to him. From this to the time I gave deed to Kwong Fong (plaintiffs) I had nothing to do with the land."

. We consider that this evidence is sufficient to show the adverse possession of Kualii, and this possession was unbroken, for the occasional visits of Kalia to Kualii on the land are explained by the fact that Kualii was considered as his foster brother. Kalia did not assert any right to it. The visible possession of Kualii, erecting houses on it, renting out parts of it and selling a portion of it, were acts of ownership adverse to Kalia.

Upon the question as to the character of this instrument, the authorities agree that whether a conveyance be a mortgage or a conditional sale must be determined by a consideration of the peculiar circumstances of each case. " The only safe criterion is the intention of the parties, to be ascertained by considering their situation and surrounding facts as well as the written memorials of the transactions." 1 Jones, Mort., Sec. 258. *Cornell vs. Hull*, 22 Mich., 377–383.

The evidence of Kalia is that he was in difficulty, and to save himself from going to jail, he wanted to borrow $70, and got it of Kualii. He says, "it was understood by us that if I did not return the money in six months, the land was to go to Kualii." "If I pay the money in six months, the land comes back to me, if not the land goes to Kualii." "The money has not been paid back." This and his other evidence above quoted, shows Kalia's intention. He considered the transaction as a conditional sale, and all his acts are consistent with this belief. When urged to sell to plaintiffs in 1892, he says: "I told Kalua (the attorney) that I had no right to the land." There is other testimony from him somewhat inconsistent with this. His acts, however, are of more value than his words.

We find in this case no recognition of the relation of

debtor and creditor between these parties, and as the vendee and his successors held possession for twenty years and over, no interest or rent being paid, these facts go to show that a mortgage was not intended. 1 Jones, Sec. 267.

The written document made between these parties does not appear to us to be on its face clearly a mortgage. It appears rather to be an absolute conveyance, defeasible by the repayment of the purchase money at a future day. This is in effect a conditional sale. If the money had been paid at the time stated, the grantor would have the right to a re-conveyance of the property.

As Jones well says (1 Jones, Mort. Sec. 258): "While in doubtful cases the courts will construe the contract to be a mortgage rather than a conditional sale, yet, when a conditional sale is clearly established it will be enforced."

"If the grantor has the privilege of refunding if he pleases by a given time, and thereby entitle himself to a reconveyance, the transaction is a conditional sale, and the equity of redemption does not continue. The grantor who neglects to perform the condition on which the privilege of repurchasing depends will not be relieved." *Id.*

And, in the leading case on this subject, *Conway vs. Alexander*, 7 Cranch, 218, C. J. Marshall said: "To deny the power of two individuals capable of acting for themselves to make a contract for the purchase and sale of lands defeasible by the payment of money at a future day; or, in other words, to make a sale with a reservation of the vendor of a right to repurchase the same land at a fixed price and at a specified time, would be to transfer to the court of chancery, in a considerable degree, the guardianship of adults as well as of infants." The head note of this case is: "If A advance money to B, and B thereupon convey land to trustees in trust, to convey the same to A in fee, in case B should fail to repay the money and interest on a certain day, and if B fail to repay the money on the day limited, and thereupon the trustees convey the land to A, B has no equity of redemption." Eliminating what is not applicable to our case, we find here

the principle that where an absolute conveyance is made, with the proviso that the vendor can repay the purchase money within a limited time and have the land back, and if he fails to do this, the title is absolute in the vendee; on failure of the vendee to thus repay the money, he has no equity of redemption.

We find that the writing in this case is susceptible of this construction and, as the parties to it show by their acts that they understood and intended it to be a sale upon condition, we are of opinion that the bill to redeem should be dismissed upon this ground as well as upon the ground first considered.

Decree accordingly.

*C. W. Ashford*, for plaintiffs.

*J. A. Magoon*, for defendants.